■■■■■■■■■■■■■■■■■

Third-Party Plaintiffs, et al., Third-Party Defendant. [598 NYS2d 1020] —Order unanimously affirmed with costs. Same Memorandum as in *Wade v Landegger Container Mach.* (193 AD2d 1056 [decided herewith]). (Appeal from Order of Supreme Court, Monroe County, Wisner, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.

■ EDWARD L. SPINDEL, Appellant, v THOMAS P. CHAMBERLAIN, Respondent. (Appeal No. 1.) [598 NYS2d 892] —Order unanimously affirmed without costs. Memorandum: Plaintiff appeals from an order of Supreme Court granting defendant's motion for partial summary judgment on his first counterclaim and denying plaintiff's motion to renew.

Plaintiff solicited clients of the partnership after selling his interest in the partnership to defendant, thereby breaching his duty to refrain from impairing the "goodwill" transferred in the purchase. The parties voluntarily entered into a "Termination Agreement" by which the plaintiff sold his partnership interest to defendant. Plaintiff therefore has a legal duty to refrain from acting to impair the "goodwill" transferred to defendant and his solicitation of former clients was a breach of that duty *(see, Mohawk Maintenance Co. v Kessler,* 52 NY2d 276, 285-286). Therefore, we conclude that Supreme Court properly granted defendant's motion for partial summary judgment. We also conclude that the motion to renew was properly denied *(see, Lindsay v Fun Time,* 184 AD2d 1036). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.

■ EDWARD L. SPINDEL, Appellant, v THOMAS P. CHAMBERLAIN, Respondent. (Appeal No. 2.) [598 NYS2d 1021] —Order unanimously affirmed without costs. Same Memorandum as in *Spindel v Chamberlain* (193 AD2d 1060 [decided herewith]). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.— Renewal.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.

■ DAVID E. GRIGGS, as Administrator of the Estate of LORRAINE GRIGGS, Deceased, Appellant, v CHILDREN'S HOSPITAL OF BUFFALO, INC., Respondent. [599 NYS2d 197] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendant's motion *in limine* to preclude the admission at trial of certain testimony from a witness regarding a telephone conversation that plaintiff al-